

**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W*
*Washington, D.C. 20530*

September 21, 2007

*07-CR-252(CKK)*

Robert B. Green, Esq.
Irwin, Green & Dexter, L.L.P.
301 W. Pennsylvania Avenue
Towson, Maryland 21204

FILED

NOV 28 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dear Mr. Green,

      This letter sets forth the full and complete plea offer to your client, Mr. James Baker. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on September 25, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.      **Charges:** Mr. Baker agrees to plead guilty to Count One of the attached Information charging a violation of Title 18, United States Code, Section 371 (Conspiracy). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Baker and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

      2.      **Potential penalties, assessments, and restitution:** Mr. Baker understands that the maximum sentence that can be imposed is five years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Baker understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (2002) (hereinafter "Sentencing Guidelines"). Mr. Baker understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Baker further understands that if the Court imposes a sentence that is in any way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Baker's right to appeal an unlawful or unreasonable sentence or to appeal the district court's application of the Sentencing Guidelines.

3. **Federal Sentencing Guidelines:** The parties agree that the following is a correct calculation of all relevant Sentencing Guideline factors:

| | | |
|---|---|---|
| 2B1.1 | Base Offense Level | 6 |
| 2B1.1(b)(1)(D) | Loss greater than $30,000 | 6 |
| 3E1.1 | Acceptance of Responsibility | -2 |
| TOTAL | | 10 |

Your client and this Office agree that, absent a Government motion pursuant to Section 5K1.1 of the Sentencing Guidelines, a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for Mr. Baker in this case. In the event that this plea offer is either not accepted by Mr. Baker or is accepted by Mr. Baker but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements Including Restitution:** Mr. Baker agrees to pay full restitution of approximately $65,456 pursuant to 18 U.S.C. Sections 3663 and 3663A, to be joint and several with any restitution orders issued against other co-conspirators arising from the activities described in the accompanying statement of offense. Restitution is payable immediately unless ordered otherwise by the Court. Prior to or at the time of the sentencing, Mr. Baker shall deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Mr. Baker also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Cooperation:** Mr. Baker agrees to cooperate completely, candidly, and truthfully in the investigation by this Office, the General Services Administration, Office of Inspector General, the Federal Bureau of Investigation and the Internal Revenue Service, Criminal Investigation Division. Specifically, Mr. Baker agrees:

    A. To provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

    B. To answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

      C.      To make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

      D.      Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

      E.      Not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity who may have been involved in the criminal conduct outlined in the attached Information and Statement of Offense;

      F.      To comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

      G.      To answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

6.    **Waiver of Rights:**  Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Baker expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Baker voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Mr. Baker understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

7.    **Reservation of Allocution:**  The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Mr. Baker's criminal activities. In addition, Mr. Baker acknowledges that the Government is not obligated to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8.    The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

9.    If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the

Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10.     **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose Mr. Baker's release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees to request a sentence at the low end of the applicable Sentencing Guidelines range, and agrees not to oppose Mr. Baker's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Baker continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Baker in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offense outlined in the attached Information.

11.     **Departure Committee**: At the time of Mr. Baker's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Baker to the United States. In addition, before sentencing, the United States shall inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Mr. Baker to the United States. If the Departure Committee determines that Mr. Baker has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office shall file a motion pursuant to § 5K1.1 of the sentencing guidelines. Mr. Baker understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Mr. Baker further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

12.     **Court is not bound**: Mr. Baker understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

13.     **Breach of Agreement**: Mr. Baker agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Baker's

4

release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Baker will not have the right to withdraw the guilty plea; (c) Mr. Baker shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Baker, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

14. **USAO's Criminal Division Bound**: Mr. Baker understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Baker.

15. **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Baker, Mr. Baker's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Baker may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Baker and his counsel.

Sincerely yours,

*Jeffrey A. Taylor/JTG*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *[signature]*
JOHN D. GRIFFITH
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney Robert Green, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11/28/07

James Baker
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 11/28/07

Robert Green, Esquire
Attorney for the Defendant